**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABEL RAMIREZ-LORENZO, | No. 18-70342 |
| Petitioner, | Agency No. A088-454-650 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2020[**]

Before: HAWKINS, GRABER, and McKEOWN, Circuit Judges.

Petitioner Abel Ramirez-Lorenzo seeks review of the Board of Immigration

Appeals' ("BIA") denial of his untimely motion to reopen. We review for abuse of

discretion. Mohammed v. Gonzales, 400 F.3d 785, 791 (9th Cir. 2005).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1. The BIA did not abuse its discretion by denying Petitioner's motion to reopen. Petitioner conceded that he showed only a change in his own circumstances, but an untimely motion to reopen must be accompanied by evidence of changed country conditions. See Almaraz v. Holder, 608 F.3d 638, 640 (9th Cir. 2010) ("Thus, even if a change in personal circumstances is sufficient to file a successive asylum petition under [8 U.S.C.] § 1158(a)(2)(D), a change in country conditions must still be demonstrated if the accompanying motion to reopen is untimely."); Salim v. Lynch, 831 F.3d 1133, 1138 (9th Cir. 2016) (stating that "changed country conditions can become material due to changes in a petitioner's personal circumstances").

2. We lack jurisdiction to review the BIA's denial of sua sponte reopening, because Petitioner challenges only the BIA's application of the correct legal standard to the facts of his case. See Bonilla v. Lynch, 840 F.3d 575, 588 (9th Cir. 2016) (explaining that we have jurisdiction to review denials of sua sponte reopening only "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error").

**PETITION DENIED IN PART AND DISMISSED IN PART.**